ELLEN HANLON, Respondent, *v.* SAMUEL W. EHRICH and JULIUS S. EHRICH, Appellants.

*Evidence — written statements signed by plaintiff's witnesses inconsistent with the testimony given by them — the whole of the statements may be read — they may be read without previously calling the witnesses' attention to them.*

Upon the trial of an action the defendants are entitled to offer in evidence, as a part of their case, written statements signed by witnesses for the plaintiff inconsistent with the testimony given by them.

In such a case it is improper for the trial judge to direct the defendants' counsel to read only such portions of the statements as are in conflict with the testi- mony given by the witnesses.

The rule that the attention of a witness, whose testimony is sought to be impeached by declarations made previous to the trial, must be specifically called to such declarations before they can be proved, is limited to oral declarations and does not apply to written statements.

APPEAL by the defendants, Samuel W. Ehrich and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 2d day of June, 1902, upon the verdict of a jury for $7,000, and also from an order entered in said clerk's office on the 16th day of June, 1902, denying the defendants' motion for a new trial made upon the minutes.

*H. Snowden Marshall*, for the appellants.

*Thomas F. Magner*, for the respondent.

JENKS, J.:

I think that this judgment must be reversed on erroneous rulings. The action is for negligence. Three witnesses for the plaintiff testified on cross-examination that they had signed written statements concerning the accident, and the statements were then marked for identification by the defendants. Thereafter, the defendants offered, as part of their case, these statements in evidence, but the court excluded them upon the objections that they were irrelevant, immaterial and incompetent, and the defendants excepted. It is well settled that written or oral statements of an adverse witness inconsistent with his present testimony are admissible. (Stark Ev. [10th Am. ed.] 238; 1 Greenl. Ev. [15th ed.] § 462.) Further, the defendants had the right to read the written statements in their turn and as part of their case. (*Romertze* v. *East River National Bank*, 49 N. Y. 577, cited as a leading case in Abb. Cas. Ev. 729; Chase's note to Steph. Dig. Ev. art. 132, p. 232.) The contrary rule embraced in article 132 of Chase's Stephen's Digest is statutory, as said note indicates, while we still follow the rule of *The Queen's Case* (2 B. & B. 286.)

Inasmuch as the ruling was marked by certain concessions of the learned trial justice, the precise question in this case is whether these concessions afforded to the defendants all of the substantial benefits that would have followed the admission of the entire written statements. After the paper was shown to the witness Flaherty, she testified that the statement was partly true, but not all true, "because I saw the door fall on her. It says there that I didn't." By the court: "You do not want to read the whole paper; read what you claim is in conflict with what she said here." Counsel for the defendants: "Yes, sir." Apparently, the counsel then read an excerpt from the statement, but during an unfinished sentence, marked in the record by a dash, the court said: "Only such portions as are in conflict with her testimony here." The reading was not immediately resumed, as the witness testified in explanation, but later she admitted that she made a certain statement which is evidently a quotation from the paper. The witness Sweeney looked at her statement, pointed out that which she said was "the only difference," and further identified a sentence of it. The witness McLaurie testified that the statement shown to her was not true, but that the signature

was hers, and that the words therein "I have read this, which is the truth," were in her handwriting, but she said she "did not read that," as she was "very busy when some gentleman came after me." When the defendants offered the statements as part of their case, and the court excluded them, it commented : "You may read any portion that you called the attention of the witness to, or that is in conflict with her testimony here." The learned counsel for the plaintiff then said : "Your Honor will recall that while the witnesses were on the stand I called the counsel's attention and asked him to call their attention to such portions as he wanted to put in evidence." Defendants' counsel : "Which I did." The court : "That applies to each witness, each statement." Thereupon the learned counsel for the defendants offered Exhibit C, and the court said : "I will permit you to read anything she signed in conflict with her statement here." The ruling of the court cannot be sustained upon the ground that the attention of the witness was not more specially called to the declarations, inasmuch as the rule is limited to oral declarations, and does not obtain as to written statements. (*Romertze* v. *East River National Bank, supra ; People* v. *Taylor*, 43 Hun, 419.) As the defendants were entitled to read the entire written statements in evidence, the burden is upon the plaintiff to show that the exclusion worked no harm. But the written statements excluded are not in the record, and hence, in the language of CHURCH, Ch. J., in *Romertze's Case* (*supra*) : "We cannot, therefore, say that the plaintiff might not have been prejudiced by its rejection."

Again, the witnesses, or some of them, admitted that the written statements were correct, and this would tend to show that they furnished the information for them. To exclude everything in the statement that was not in conflict with the testimony of each witness excluded the defendants of comment upon every admittedly truthful part of the statements in argument that the entire statement was based upon the information furnished. And further, to require the counsel then and there to cull out such parts as then seemed to him in contradiction, demanded a mental feat which at the time was not required of him.

This reversal is based solely upon this erroneous exclusion of testimony.

The judgment should be reversed and a new trial granted, costs to abide the event.

GOODRICH, P. J., BARTLETT, WOODWARD and HOOKER, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.